UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:26-CR-059-REW

UNITED STATES OF AMERICA PLAINTIFF

V. **PLEA AGREEMENT**

WAYNE L. BUZARD DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Six and Count Seven of the Indictment. Count Six charges a violation of 21 U.S.C. § 841, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Count Seven charges a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count One. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement

2. The essential elements of Count Six are:

(a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance; and

(b) The Defendant had the intent to distribute such substance.

The essential elements of Count Seven are:

(a) That the Defendant committed the crime of possession with the intent to distribute methamphetamine, a drug trafficking offense which may be prosecuted in a court of the United States;

(b) That the Defendant knowingly possessed a firearm; and

(c) That the possession of this firearm was in furtherance of the aforementioned drug trafficking offense.

(i) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged considering the following non-exhaustive factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found.

3. As to Count Six and Seven, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Law enforcement made controlled purchases from an individual in Pike County on or about the following dates and in the following amounts: March 3, 2026 (13.670 grams of methamphetamine mixture); March 5, 2026 (13.90 grams of methamphetamine mixture); and March 7, 2025 (15.53 grams of actual methamphetamine). On or about March 8, 2026, law enforcement conducted a search of this individual's residence and located 23.88 grams of actual methamphetamine. This individual had obtained this methamphetamine, as well as the methamphetamine that she sold during the controlled purchases, from the Defendant, who was her regular methamphetamine supplier.

(b) On or about March 8, 2025, law enforcement executed a search warrant at the Defendant's residence in Pike County in the Eastern District of

Kentucky. During the search, law enforcement located and seized 33.66 grams of the Defendant's actual methamphetamine. The Defendant knew that the substance contained methamphetamine and intended to distribute it as he had done in the past. During the search, law enforcement located $5,734 in United States currency, which included $600 that had been used by law enforcement during the previously mentioned controlled purchases. Also, during the search, law enforcement located three of the Defendant's firearms, included a loaded pistol. Protecting himself from the dangers associated with drug trafficking, including robbery of his drugs and drug proceeds, was among the reasons that the Defendant possessed these firearms.

4. The statutory punishment for Count Six is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of at least 3 years. The statutory punishment for Count Seven is not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 1,000 kilograms and 3,000 kilograms of a converted drug weight (actual methamphetamine and methamphetamine mixture), which corresponds to a base offense level of 30.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. §§ 3B1.2 or 2D1.1(e)(2).

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal

Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date: 8/28/24 By: ______________________
Andrew H. Trimble
Assistant United States Attorney

Date: 8/27/26 ______________________
Wayne L. Buzard
Defendant

Date: 8/27/26 ______________________
Jason E. Williams
Attorney for Defendant